## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| S.S.K. NANDURI, derivatively on behalf of GOGO INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 18 C 06524 |
| MICHAEL J. SMALL, *et al.*, | ) ) | |
| | ) | Judge Elaine E. Bucklo |
| Defendants, | ) ) | |
| and | ) | |
| GOGO INC., | ) ) | |
| Nominal Defendant. | ) | |
| MICHAEL HUTSENPILLER, derivatively on behalf of GOGO, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   18 C 06547 |
| MICHAEL J. SMALL, *et al.*, | ) ) | (*Consolidated with the above*) |
| Defendants, | ) ) | |
| and | ) | |
| GOGO INC., | ) ) | |
| Nominal Defendant. | ) | |

### JOINT MOTION TO STAY

Plaintiffs S.S.K. Nanduri and Michael Hutsenpiller ("Plaintiffs"), Defendants Michael J. Small, Oakleigh Thorne, Norman Smagley, Barry Rowan, Robert L. Crandall, Hugh W. Jones, Ronald T. LeMay, Michele Coleman Mayes, Robert H. Mundheim, Christopher D. Payne, Charles C. Townsend, John Wade, and Harris N. Williams ("the Individual Defendants"), and Nominal Defendant Gogo Inc. ("Gogo", and along with the Individual Defendants, the "Defendants"), by and through their undersigned counsel, hereby respectfully submit this joint motion to stay.  In support of this motion, the Plaintiffs and Defendants (collectively, the "Movants") state as follows:

1.     This action is a consolidated shareholder derivative lawsuit (the "Derivative Action") purportedly brought for the benefit of Gogo against certain of its officers and directors. The allegations in the Derivative Action are based upon substantially similar facts and events alleged in a putative securities class action that is presently pending before the Honorable Jorge L. Alonso captioned *Pierrelouis v. Gogo Inc., et al.*, Case No. 18-C-04473 (the "Securities Class Action").

2.     Both the Derivative Action and the Securities Class Action assert that Gogo and its officers and directors made allegedly untrue statements or omissions of fact in connection with the rollout of a new technology for Gogo's proprietary in-flight Wi-Fi service.  The Securities Class Action plaintiffs claim that these alleged misstatements constitute violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, while the Plaintiffs here claim that the same alleged misstatements (along with other alleged misconduct by the Individual Defendants) amount to breaches of fiduciary duty, unjust enrichment, waste of corporate assets, and violations of Section 14(a) of the Exchange Act.

3.     As the Movants informed the Court at the November 16, 2018 status conference, the plaintiffs in the Securities Class Action intend to file an amended complaint on December 10, 2018, which the defendants anticipate moving to dismiss.  Judge Alonso has entered a briefing schedule for the motion to dismiss that the defendants expect to file.  (*See Pierrelouis v. Gogo*, Dkt. 54.)  In light of the status of the Securities Class Action, the Movants respectfully request that the Court stay the Derivative Action pending the outcome of the motion to dismiss in the Securities Class Action.

4.     Because the parties, issues, and allegations in the Derivative Action and the Securities Class Action overlap substantially, staying the Derivative Action pending the resolution

of the motion to dismiss in the Securities Class Action would serve the interest of judicial economy.

WHEREFORE, the Movants jointly request that this motion be granted and the Court enter an order providing that:

a) The Individual Defendants and Gogo hereby accept service of the *Nanduri* Complaint and the *Hutsenpiller* Complaint filed in the Derivative Action;

b) the Derivative Action shall be stayed until the sooner of (a) the denial of any part of any forthcoming motion to dismiss in the Securities Class Action or (b) the dismissal of the Securities Class Action with prejudice;

c) Defendants shall promptly notify Plaintiffs of the existence of any derivative action or threatened derivative action (including a books and records demand made under Delaware law) that is related to the Derivative Action;

d) Defendants shall promptly notify Plaintiffs if a related derivative action is not stayed for a similar or longer duration as the stay in the Derivative Action;

e) Plaintiffs have the option to terminate the stay of the Derivative Action if a related derivative action is not stayed for a similar or longer duration as the stay of the Derivative Action, by giving 30 days' notice to Defendants in writing;

f) Defendants shall include Plaintiffs in any mediation and in any formal settlement discussions between the parties in (a) the Securities Class Action or (b) any derivative action or threatened derivative action that is related to the Derivative Action;

g) Defendants shall promptly produce to Plaintiffs all documents and written discovery produced (a) in the Securities Class Action; (b) in any derivative action that is related to the Derivative Action; and (c) to any shareholder who made a threatened derivative action that is related to the Derivative Action, subject to a confidentiality agreement or protective order;

h) Plaintiffs in the Derivative Action may file an amended complaint, but none of the defendants in the Derivative Action shall be obligated to respond to any amended complaint during the pendency of the stay;

i) All status conferences scheduled by the Court are stricken and shall be postponed until after the stay is lifted;

j) After any motion to dismiss the Securities Class Action is decided, the parties shall meet and confer to agree on a proposed scheduling order to be submitted to the Court; and

k) The foregoing terms are without prejudice to any party's right to seek any form of relief from the Court if that party believes the circumstances warrant such relief.

In addition to the foregoing, the Movants respectfully request that the Court grant any other and further relief it deems just and proper. The Movants expressly reserve the right to move to extend the stay or lift the stay, either jointly or separately, at a later date.

Date: December 5, 2018

Respectfully Submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

/s/ Carl V. Malmstrom
Carl V. Malmstrom
111 W. Jackson St., Suite 1700
Chicago, IL 60604
Telephone: (312) 984-0000
malmstrom@whafh.com

*Liaison Counsel for Plaintiffs*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
275 Madison Ave., 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
pkim@rosenlegal.com

*Co-Lead Counsel for Plaintiffs*

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
Alex P. McBride
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
tbrown@thebrownlawfirm.net
amcbride@thebrownlawfirm.net

*Co-Lead Counsel for Plaintiffs*

**NEAL, GERBER & EISENBERG LLP**

/s/ Andrew G. May
Jonathan S. Quinn
Andrew G. May
2 North LaSalle Street, Suite 1700
Chicago, IL 60602
Telephone: (312) 269-8000
jquinn@nge.com
amay@nge.com

**SHEARMAN & STERLING LLP**
Jerome S. Fortinsky (*pro hac vice*)
Brian H. Polovoy (*pro hac vice*)
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
jfortinsky@shearman.com
bpolovoy@shearman.com

*Counsel for Nominal Defendant Gogo Inc. and Individual Defendants Michael J. Small, Oakleigh Thorne, Norman Smagley, Barry Rowan, Robert L. Crandall, Hugh W. Jones, Ronald T. LeMay, Michele Coleman Mayes, Robert H. Mundheim, Christopher D. Payne, Charles C. Townsend, John Wade, and Harris N. Williams*

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew G. May, and attorney, certify that I caused a copy of the **JOINT MOTION TO STAY** and the **NOTICE OF MOTION** to be served on all counsel of record by filing the same via the CM/ECF electronic filing system on December 5, 2018, which will send electronic notice to all parties of record.

Date: December 5, 2018                    /s/ Andrew G. May                          

030404.0601:28719202.4