UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| S.S.K. NANDURI, derivatively on behalf of GOGO INC.,<br>       Plaintiff,<br>  v.<br>MICHAEL J. SMALL, *et al.*,<br>       Defendants,<br> and<br>GOGO INC.,<br>       Nominal Defendant. | No. 18 C 06524<br><br>Judge Martha M. Pacold<br>Magistrate Judge Sheila M. Finnegan |
| MICHAEL HUTSENPILLER, derivatively on behalf of GOGO INC.,<br>       Plaintiff,<br>  v.<br>MICHAEL J. SMALL, *et al.*,<br>       Defendants,<br> and<br>GOGO INC.,<br>       Nominal Defendant. | No. 18 C 06547<br><br>(*Consolidated with the above*) |

## PRELIMINARY APPROVAL ORDER

WHEREAS, the above-captioned shareholder derivative action is pending before the Court (the "Derivative Action");

WHEREAS, the Plaintiffs have made an unopposed motion pursuant to Federal Rule of Civil Procedure 23.1 for an order preliminarily approving the proposed Settlement of the Derivative Action in accordance with the Stipulation and Agreement of Settlement dated January 5, 2023 (the "Stipulation"), which together with the exhibits annexed thereto, sets forth the terms

and conditions for the proposed Settlement of the Derivative Action, and for dismissal of the Derivative Action with prejudice;

WHEREAS, the Court having: (i) read and considered the Unopposed Motion for Preliminary Approval of Settlement together with the accompanying Memorandum of Law in Support of said motion; (ii) read and considered the Stipulation, as well as all the exhibits attached thereto; and (iii) heard and considered arguments by counsel for the parties to the Derivative Action in favor of preliminary approval of the Settlement; and

WHEREAS, except as otherwise expressly provided herein, all capitalized terms shall have the same meanings and/or definitions as set forth in the Stipulation.

IT IS HEREBY ORDERED AS FOLLOWS:

1. This Court preliminarily approves the Settlement as set forth in the Stipulation as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2. Within ten (10) business days after the entry on the Court's docket of this Preliminary Approval Order, Gogo shall cause: (i) the publication of the Summary Notice once in *Investor's Business Daily* or a similar online publication; (ii) the posting of the Notice and the Stipulation (including the exhibits thereto) on the "Investors" portion of the Company's website; and (iii) the filing with the SEC of a Current Report on Form 8-K, attaching the Notice and the Stipulation (including the exhibits thereto). The Summary Notice and Notice shall provide a link to the Investors portion of Gogo's website where the Notice and the Stipulation (including the exhibits thereto) may be viewed, which link shall be maintained through the date of the Settlement Hearing. The Defendants or their insurance carrier(s) shall pay all costs of providing such notice of the Settlement.

3. No later than thirty-five (35) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to the publication, posting, and filing of the Notice and Summary Notice.

4. The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5. A hearing shall be held telephonically on April 11, 2023 at 10:00 a.m. before the Honorable Martha M. Pacold, U.S. District Judge of the U.S. District Court for the Northern District of Illinois, Eastern Division (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be finally approved as fair, reasonable, and adequate; (ii) whether the Final Order and Judgment should be entered, dismissing the Derivative Action with prejudice and extinguishing and fully and finally releasing all of the Released Claims against the Released Persons (as those terms are defined in the Stipulation); (iii) whether the agreed Fee and Expense Amount should be approved; (iv) whether the Service Awards to the four Stockholders should be approved; and (vi) to rule upon such other matters as the Court may deem appropriate. To join the telephone hearing, dial toll-free call-in number: (888) 684−8852; followed by the conference access code: 9482028#. Persons granted remote access to proceedings are reminded of the general prohibition against recording and rebroadcasting of Court proceedings. Violations of these prohibitions may result in sanctions deemed necessary by the Court.

6. The Court reserves: (i) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Settling Parties consistent with the Settlement, without further notice to Gogo stockholders; and (ii) the right to continue or adjourn the Settlement Hearing by oral announcement at the hearing or at any adjournment thereof, or to hold the Settlement Hearing or any adjournment thereof telephonically or by videoconference, without further notice

to Gogo stockholders. Any Gogo stockholder (or his, her or its counsel) that wishes to appear at the Settlement Hearing should consult the Court's calendar for any change in date, time or format of the Settlement Hearing.

7. At least twenty-one (21) calendar days prior to the Settlement Hearing, counsel for the Plaintiffs shall file with the Court and serve on Defendants' Counsel all papers in support of the Settlement and the Fee and Expense Amount.

8. Any stockholders owning Gogo common stock as of January 5, 2023, that continue to hold Gogo common stock through the date of the Settlement Hearing may appear and show cause, at their own expense, individually or through counsel, if he, she, or it has any reason why any term of the Settlement embodied in the Stipulation, including the Fee and Expense Amount, should not be approved as fair, reasonable, and adequate, or why the Final Order and Judgment should or should not be entered thereon. However, no Gogo stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Final Order and Judgment to be entered thereon, unless that Gogo stockholder has caused to be filed, and served on counsel as noted below: (i) a written notice of objection with the case name and number (*Nanduri v. Small, et al.*, No. 18-cv-06524); (ii) the Person's name, legal address, and telephone number; (iii) notice of whether such Person intends to appear at the Settlement Hearing and the reasons such Person desires to appear and be heard, and whether such Person is represented by counsel and if so, contact information for counsel; (iv) competent evidence that such Person held shares of Gogo common stock as of the date of the Stipulation and continues to hold such stock as of the date the objection is made, including the date(s) such shares were acquired; (v) a statement of objections to any matters before the Court, the grounds therefor, as well as all documents or writings such Person

4

desires the Court to consider; and (vi) the identities of any witnesses such Person plans on calling at the Settlement Hearing, along with a summary description of their expected testimony.

9. At least fourteen (14) calendar days prior to the Settlement Hearing set for April 11, 2023, any such Person that intends to appear and be heard at the Settlement Hearing must file the written objection(s) and corresponding materials, and a notice of intent to appear with the U.S. District Court for the Northern District of Illinois, Eastern Division, located at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and serve copies of the same materials by hand delivery, overnight mail, or the court's electronic filing and service system so they are received no later than March 28, 2023 by the following counsel for Plaintiffs and counsel for Defendants:

*Counsel for Plaintiffs*

Timothy W. Brown
THE BROWN LAW FIRM, P.C.
767 Third Avenue, Suite 2501
New York, NY 10017

*Counsel for Defendants*

Jerome S. Fortinsky
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022

Only Gogo stockholders that have filed with the Court and sent to the Settling Parties' counsel valid and timely written notices of objection and notices of appearance will be entitled to be heard at the hearing, unless the Court orders otherwise.

10. Any Gogo stockholder that does not make an objection in the manner provided herein shall be deemed to have waived any such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, unless

otherwise ordered by the Court, but shall be otherwise bound by the Final Order and Judgment to be entered and the releases to be given.

11. Any attorney hired by a stockholder for the purpose of objecting to the Settlement must file a notice of appearance with the Clerk of the Court no later than twenty-one (21) calendar days before the Settlement Hearing.

12. Any replies to any objections shall be filed with the Court and served at least seven (7) calendar days prior to the Settlement Hearing.

13. All proceedings in the Derivative Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

14. Pending final determination of whether the Settlement should be approved, no Gogo stockholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

15. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Gogo stockholders.

16. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, or liability of the Settling Parties or Released Persons, or of the validity or lack thereof of any Released Claims; and (ii) shall not be admissible, offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative,

other than to enforce the terms of the Stipulation or the Settlement. Notwithstanding the foregoing, any Released Person (as defined in the Stipulation) may refer to the Settlement and/or file or use the Stipulation, the Preliminary Approval Order, and/or the Final Order and Judgment in any action that may be brought against them to effectuate the protections granted them hereunder, including without limitation to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or claim under United States federal or state law or foreign law.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases provided in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATED: February 1, 2023         /s/ Martha M. Pacold
                                MARTHA M. PACOLD
                                U.S. DISTRICT JUDGE