**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| S.S.K. NANDURI, derivatively on behalf of GOGO INC., | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) No. 18 C 06524 |
| MICHAEL J. SMALL, *et al.*, | )<br>) Judge Martha M. Pacold |
| Defendants, | ) Magistrate Judge Sheila M. Finnegan |
| and | )<br>) |
| GOGO INC., | ) |
| Nominal Defendant. | )<br>) |
| MICHAEL HUTSENPILLER, derivatively on behalf of GOGO INC., | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) No. 18 C 06547<br>) |
| MICHAEL J. SMALL, *et al.*, | ) (*Consolidated with the above*) |
| Defendants, | )<br>) |
| and | )<br>) |
| GOGO INC., | ) |
| Nominal Defendant. | ) |

**FINAL ORDER AND JUDGMENT**

This matter came before the Court for hearing pursuant to the Order of this Court, dated February 1, 2023 (the "Preliminary Approval Order"), on the application of the Plaintiffs for approval of the Settlement set forth in the Stipulation and Agreement of Settlement, dated January 5, 2023 (the "Stipulation" or "Settlement"). Due and adequate notice having been given to Gogo Inc. ("Gogo" or the "Company") stockholders as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings and otherwise being fully informed

in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Order and Judgment ("Judgment") incorporates herein the Stipulation, including all exhibits thereto. Unless otherwise defined herein, all capitalized terms used herein shall have the meanings given in the Stipulation.

2. This Court has jurisdiction over the subject matter of the above-captioned Derivative Action, including all matters necessary to effectuate the Settlement, and the Settling Parties have consented to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

3. The Court finds that the Notice and the Summary Notice provided to Gogo stockholders constituted the best notice practicable under the circumstances. Accordingly, the Notice and the Summary Notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

4. The Court finds that the Settlement as set forth in the Stipulation is fair, reasonable, adequate, and in the best interests of Gogo and Current Gogo Stockholders. The Court hereby finally approves the Settlement in all respects and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

5. The above-captioned Derivative Action and all claims contained therein, as well as all of the Released Claims (including Unknown Claims), are dismissed on the merits and with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Upon the Effective Date (as defined in the Stipulation), the Releasing Persons (on behalf of themselves and derivatively on behalf of Gogo) shall be deemed to have, and by operation

of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, relinquished, extinguished, discharged and dismissed with prejudice the Released Persons from the Released Claims. The Releasing Persons shall be deemed to have, and by operation of this Judgment shall have covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from initiating, instituting, commencing, maintaining, or prosecuting any of the Released Claims against any of the Released Persons. Upon the Effective Date, the Releasing Persons shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of any state, federal, or foreign law, or principle of common law, which may have the effect of limiting the foregoing release. The foregoing release includes a release of Unknown Claims.

7. Upon the Effective Date, Defendants and each of the other Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Stockholders, Stockholders' Counsel, Current Gogo Stockholders (derivatively on behalf of Gogo), and each of their Related Persons from all claims, sanctions, actions, liabilities, or damages arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Matters and the Released Claims. The foregoing release includes a release of Unknown Claims.

8. Notwithstanding ¶¶ 6 and 7 above, nothing in the Stipulation or this Judgment shall provide a release of any claims to enforce the Stipulation, the Settlement, or this Judgment or bar any action by any Settling Party to enforce the terms of the Stipulation, the Settlement, or this Judgment. In addition, nothing in ¶¶ 6 and 7 above is intended to release any rights to indemnification, insurance coverage, or advancement of expenses that any Released Person has or may have under any insurance policy, contract, bylaw, or charter provision, or under Delaware

law, including, but not limited to, any rights any Released Person has or may have related to any pending or threatened civil or government proceedings.

9. During the course of the Derivative Action, all parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and all other similar rules, laws, or statutes.

10. Neither the Stipulation, including the exhibits attached thereto, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation, including the exhibits attached thereto, or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way as a concession, admission or evidence of the validity, or lack thereof, of any Released Claims, or of any fault, wrongdoing, or liability, or lack thereof, of the Released Persons or Gogo; or (b) is or may be deemed to be or may be used as a presumption, admission, or evidence, or lack thereof, of any liability, fault, or omission of any of the Released Persons or Gogo in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal, or other forum.

11. Neither the Stipulation, including the exhibits attached thereto, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation, including the exhibits attached thereto, or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, that the Released Persons may refer to the Settlement and/or file or use the Stipulation, the Preliminary Approval Order, and/or this Judgment in any action that may be brought against them to effectuate the protections granted them hereunder, including without limitation to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue

preclusion or similar defense or claim under United States federal or state law or foreign law.

12. The Court hereby approves the sum of $875,000.00 for the payment of fees and expenses to the Stockholders' Counsel (the "Fee and Expense Amount") and finds that the Fee and Expense Amount is fair and reasonable. No other fees, costs, or expenses may be awarded to Stockholders' Counsel in connection with the Settlement. The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

13. The Court hereby approves the Service Awards of $2,000.00 to be paid to each of the four Stockholders from the Fee and Expense Amount, in recognition of their participation and effort in the prosecution of the Derivative Matters.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.

15. This Judgment is a final, appealable judgment and the Clerk is directed to enter this Judgment forthwith in accordance with Rule 58 of the Federal Rules of Civil Procedure, dismissing the Derivative Action with prejudice.

**IT IS SO ORDERED.**

DATED: April 11, 2023 /s/ Martha M. Pacold
MARTHA M. PACOLD
U.S. DISTRICT JUDGE